IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee who are Covered Persons*, SCOTT MALONEY, JUSTYNA MALONEY, and PETER ANDREYEV,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKS INTEGRATED MARKETING, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals,* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | CIVIL ACTION NO.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Brooks Integrated Marketing, LLC ("Defendant"), hereby files this Notice of Removal in support of the removal of this action from the Superior Court of New Jersey, Union County, to this Court, the United States District Court for the District of New Jersey. Defendant states as follows.

## BACKGROUND

1.  On or after April 30, 2025, Plaintiffs Atlas Data Privacy Corporation ("Atlas") and other individuals, (collectively "Plaintiffs") filed a Complaint against Defendant in the Superior Court of New Jersey, Union County, Docket No. UNN-L-1730-25. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. Plaintiffs purport to bring claims against Defendant for alleged violation of Daniel's Law (N.J.S.A. 47-1A-1, et seq., and N.J.S.A. 56:8-166.1), claiming that Defendant has failed to cease making available the home addresses or unpublished home telephone numbers of covered persons upon request pursuant to the statute. The "covered persons" specifically identified in the Complaint are all law enforcement officers.

I. **THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE PARTIES ARE COMPLETELY DIVERSE AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.**

2. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

    A. **The Parties are Completely Diverse.**

        i. **Plaintiffs' Citizenship**

3. The Complaint alleges that Scott Maloney, Justyna Maloney, and Peter Andreyev (collectively, the "Individual Plaintiffs") are police officers working in northern New Jersey. Compl. ¶ 18-22. As a matter of New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position." N.J.S.A. 40A:14-122.8. Accordingly, the individual plaintiffs are citizens of New Jersey.

4. Plaintiff Atlas is a Delaware corporation with its principal place of business in New Jersey. Compl. ¶ 23.

        ii. **Defendant's Citizenship**

5. Defendant is a Florida LLC with its principal place of business in Florida.

6. The sole member of Defendant is a citizen of Florida.

7. In accordance with 28 U.S.C. § 1332(a)(2), complete diversity of citizenship exists because the Plaintiffs and Defendants are citizens of different states. Furthermore, this action is removable because Defendant is not citizens of the state in which this action was commenced. *See* 28 U.S.C. § 1441(b)(2).

    B. **The Amount-In-Controversy Requirement is Satisfied.**

8. The second requirement of traditional diversity of citizenship jurisdiction is that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). When "the plaintiff's complaint

does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." Yucis v. Sears Outlet Stores, LLC, 813 Fed. App'x 780, 782 n.2 (3rd Cir. 2020) (quoting Dart Cherokee, 574 U.S. at 89). Only a single plaintiff need satisfy the requirement — the Court can then exercise supplemental jurisdiction over any other plaintiffs, regardless of the value of their claims. "[W]here the other elements of [diversity] jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005) (emphasis added); *Burgess v. Bennet*, 2021 WL 1050313, at *5 n. 9 (D.N.J. Mar. 19, 2021) ("[A]though these particular plaintiffs' claims may not reach the amount in controversy, so long as one plaintiff in this case satisfies the jurisdictional amount, this Court may exercise supplemental jurisdiction over the remaining plaintiffs' claims.").

9. Atlas, standing alone, satisfies the required amount in controversy. Atlas purports to bring claims on behalf of 21,069 assignors. Compl. ¶ 24. Daniel's Law provides for damages of at least $1,000 for each violation of the statute. *See* N.J.S.A. 56:8-166.1c(1). This means that Atlas's claims for statutory damages alone potentially amounts to more than $21,069,000, far in excess of the $75,000 threshold.

      i. **Statutory Damages**

10. Daniel's Law states that the Court may award "actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act." N.J.S.A. 56:8-166.1c(1). Thus, each individual plaintiff has placed at least $1,000 in damages at issue.

11. While Defendant denies that Plaintiffs have adequately pled or could establish any violation of the law or corresponding damages — and the arguments herein cannot, and

should not, be construed as conceding liability or damages, *see Schor v. State Farm Fire and Cas. Ins. Co.*, 2015 WL 1230200, at *4 n. 1 (E.D. Pa. March 18, 2015) — the Complaint can plausibly be read to assert that multiple violations of Daniel's Law have occurred for each individual plaintiff. Plaintiffs allege that a violation occurred due to the disclosure of each covered person's (1) home address and (2) unlisted home telephone number. In addition, the Complaint alleges that violations occurred through three types of disclosure: (1) disclosure on the Internet, (2) re- disclosure on the Internet and (3) otherwise making protected information available. Moreover, because Daniel's Law references "$1,000 for each violation of this act" without any definition of a "violation," and because no case law exists interpreting a "violation" under Daniel's Law, the Complaint can be read to plausibly allege (although Defendant disputes this) that each plaintiff suffered a new violation each time that Defendant allegedly did not comply with Daniel's Law. Multiplying these multiple types of alleged violations with multiple days and the $1,000 in liquidated damages, the Complaint plausibly alleges a significant potential award of liquidated damages for each plaintiff.

      **ii. Actual Damages**

12. Plaintiffs likely will argue that they suffered actual damages that exceed $1,000. To the extent Plaintiffs intend to allege that these are actual damages attributable to violations of Daniel's Law, they are placing at issue claims that exceed the statutory minimum of $1,000 and potentially extend into the tens of thousands of dollars. Courts have recognized that the damages from pain and suffering alleged by plaintiffs can be worth more than $75,000. *See, e.g., Yucis*, 813 Fed. App'x at 782, n. 2 (holding that the plaintiff plausibly alleged more than $75,000 in controversy based on allegations that she experienced "pain, suffering, embarrassment, and humiliation" as a result of sexual harassment, as well as incurred attorneys' fees); *Tarr v. Ciasulli*, 853 A.2d 921, 928 (N.J. 2004) (holding that in statutory discrimination cases pursuant to the New Jersey Law Against Discrimination, "which by definition involve[s] willful conduct, the victim

may recover all natural consequences of that wrongful conduct, including emotional distress and mental anguish damages arising out of embarrassment, humiliation, and other intangible injuries").

13.  Daniel's Law states that the Court may award "punitive damages upon proof of willful or reckless disregard of the law." N.J.S.A. 56:8-166.1c(2).  And Plaintiffs have asked the Court to award such damages for "willful noncompliance." Compl., Prayer for Relief.  The Third Circuit has held that claims for punitive damages that are made in good faith "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3rd Cir. 2008) (quoting *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3rd Cir. 2004) (emphasis omitted)).  Thus, given the uncertainty about the outcome, the mere fact that Plaintiffs are seeking punitive damages is dispositive on the amount in controversy question. *See also Valenta v. BI Inc.*, 2021 WL 7185785, at *5 (W.D. Pa. Oct. 8, 2021) ("Because Plaintiff's request for punitive damages is appropriately made, this is generally sufficient to satisfy the amount in controversy."); *Johnson v. State Farm Life Ins. Co.*, 695 F. Supp. 2d 201, 207-08 (W.D. Pa. 2010) (holding that the amount in controversy was satisfied based on plaintiff's request for punitive damages and rejecting the argument that the amount in controversy could not be satisfied because the plaintiff alleged only $10,000 in compensatory damages based on proceeds of an insurance policy that had already been tendered).

14.  Moreover, to the extent the Court believes it is necessary to do a calculation, N.J.S.A. 2A:15-5.14b establishes that as a matter of New Jersey law, a defendant can be liable for punitive damages in amount up to "five times the liability of that defendant for compensatory damages or $350,000, whichever is greater." (Emphasis added).  Thus, by seeking punitive damages under New Jersey law, Plaintiffs have presumptively placed $350,000 in controversy for each individual plaintiff.

15. In addition to actual/statutory damages and punitive damages, Daniel's Law states that the Court may award "reasonable attorney's fees." N.J.S.A. 56:8-166.1c(3). "[I]n calculating the amount in controversy, we must consider potential attorney's fees. Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3rd Cir. 1997) (citation omitted); *see also Venuto v. Atlantis Motor Grp.*, LLC, 2017 WL 4570283, at *3 (D.N.J. Oct. 13, 2017) ("For purposes of calculating the amount in controversy, reasonable attorneys' fees and punitive damages must be counted if they are available under New Jersey state law."); *Andrews v. Home Depot U.S.A., Inc.*, 2010 WL 5464303, at *3 (D.N.J. Dec. 29, 2010) ("Plaintiffs also seek punitive damages and attorney's fees, both of which may be aggregated with the compensatory damages when determining the amount in controversy.").

16. A typical rule of thumb in the Third Circuit in calculating attorneys' fees to determine the amount in controversy is 30 percent of the compensatory and/or punitive damages. *See, e.g., Ciccone v. Progressive Specialty Ins. Co.*, 2020 WL 7319777, at *4 (M.D. Pa. Dec. 11, 2020) (including attorneys' fees in the amount of 30 percent of the total of plaintiff's compensatory and treble damages to find that plaintiff's individual claims met the amount in controversy); *Rodriguez v. Burlington County Corrections Dept.*, 2015 WL 790521, at *2 (D.N.J. Feb. 25, 2015) ("The Third Circuit has noted that attorney's fees can be estimated to be as high as 30% of the final judgment."). As outlined above, the Complaint plausibly alleges compensatory damages and punitive damages that already far exceed the $75,000 threshold for each individual plaintiff. But if those damages were increased by another 30 percent to account for attorneys' fees, there can be no doubt that the amount in controversy is satisfied.

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL, AND REMOVAL IS THEREFORE PROPER.

17. No previous application has been made for the relief requested herein.

18. Defendant is the only defendant so no consent from other defendants is required pursuant to 28 U.S.C. § 1446(b)(2)(A).

19. Plaintiffs have purported to serve the Complaint on Defendant on May 15, 2025. Thus, this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1441 and 1446

20. The Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as the United States District Court for the District of New Jersey embraces the Superior Court of New Jersey, where Plaintiffs' action was pending.

21. As required by 28 U.S.C. § 1446(a), Defendant has attached the Complete State Court Record to its Notice of Removal, and it is enclosed herewith as **Exhibit A.**

22. Pursuant to 28 U.S.C. § 1446(d), Defendant filed a written notice of this removal with the clerk of the Superior Court, where Plaintiffs' action was pending, and served copies of the Notice of Removal and the written notice of same on Plaintiffs' counsel. A true and correct copy of this document is attached hereto as **Exhibit B.**

23. Defendant hereby reserves all defenses and objections to the Complaint, including but not limited to lack of personal jurisdiction, improper venue, *forum non conveniens*, insufficiency of process, insufficiency of service of process, failure to join necessary parties, lack of standing, and failure to state a claim.

WHEREFORE, Defendant hereby removes this action to this Court for further proceedings.

**GREENBERG TRAURIG, LLP**

Dated: June 9, 2025

By: */s/ Aaron Van Nostrand*
Aaron Van Nostrand
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel. 973-360-7900
Aaron.vannostrand@gtlaw.com
*Attorneys for Defendant*
*Brooks Integrated Marketing, LLC*

## **CERTIFICATE OF SERVICE**

I, Aaron Van Nostrand, hereby certify that on June 9, 2025, I caused a true and correct copy of the foregoing Notice of Removal to be served by way of the court's electronic filing system upon the following counsel of record:

PEM LAW LLP
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
Jessica A. Merejo, Esq.
1 Boland Drive, Suite 101
West Orange, NJ 07052
rparikh@pemlawfirm.com
keinhon1@pemlawfirm.com
jmerejo@pemlawfirm.com


STERN, KILCULLEN & RUFOLO, LLC
Robert W. Ferguson, Esq.
Carla M. Zavala, Esq.
325 Columbia Turnpike, Suite 110
Florham Park, NJ 07932
rferguson@sgklaw.com
czavala@sgklaw.com

                                        */s/ Aaron Van Nostrand*
                                        Aaron Van Nostrand